JULIAN E. BAILES, Judge Pro Tem.
The plaintiff appeals the decision of the Jefferson Parish Personnel Board sustaining her dismissal from the position of library associate at the Jefferson Plaza Library. We reverse.
Appellant was hired as a part-time employee by the Library Division on January 4, 1968 and thereafter became a permanent full time classified employee on September 11, 1976. The evidence reveals that she worked in the circulation and audio-visual departments of the library as well as at the Wagner and Jefferson Plaza branches. She had received satisfactory ratings for the years 1977 and 1978. Along with those ratings, she received increases in pay.
She was represented by counsel at the evidentiary hearing before the Board’s hearing examiner on October 23, 1979. Before this court, however, she has chosen to represent herself. In her brief, Mrs. Ascani lists seven errors in the decision of the Jefferson Parish Personnel Board. Since we find merit in her contention that the dismissal letter from the appointing authority did not give her adequate notice of the reasons for her dismissal, we need not consider the other contentions.
On August 3,1979 and since September 5, 1978 the appellant was employed as a library assistant at the Jefferson Plaza branch library. By letter of the appointing authority dated August 3, 1979 she was informed of her dismissal as of that date for reasons contained therein. That letter reads:
“August 3, 1979
Dear Mrs. Ascani:
This letter is to inform you that your discharge from the Library Division is effective immediately.
The action is being taken because of your history of resistence to authority of those who are assigned to manage and supervise your work, and because of your history of abrasive relations with your coworkers.
I did not take this action solely because of the recent incident at the Jefferson Plaza Branch Library; that incident, I believe after a review of your work history, is the latest in what has been too long a series of similar incidents. You have been counseled on these subjects several times and chosen to disregard what you have been told.
*810 Under the Jefferson Parish Personnel Rules, you have a right to appeal my action to the Personnel Board. Forms designed to assist you in filing an appeal may be obtained from the Personnel Department, Room 818-Jefferson Courthouse, Gretna, or Room 208, 3330 N. Causeway Blvd., Metairie.
If you elect to file an appeal, you must do so in writing within thirty (30) days of the effective date of the action complained against.
Very truly yours,
Maurice D. Walsh, Jr.”
As noted in the hearing examiner’s report, the appellant, through her counsel, objected to the dismissal letter on the grounds that it was “overbroad and vague”. This same objection is raised in appellant’s brief.
State Civil Service Rule 12.3, which is illustrative of a civil service due process requirement, provides that in cases of removal, demotion, or reduction in pay of a permanent employee for cause, the appointing authority or his authorized agent:
“Shall furnish to the employee at the time such action is taken or prior thereto, a statement, in writing, giving detailed reasons for such action. The appointing authority shall furnish the director a copy of said statement within fifteen (15) calendar days of the date employee was notified.” (Emphasis added.)
The jurisprudence requires that a classified employee be furnished reasonable notice of the nature of the charges. An employee is entitled to be informed as to the time, place and nature of the offense or offenses, in detail, so as to enable him or her to adequately prepare a defense to the charges. It is obvious that the letter of dismissal quoted above contains no details of the charges levelled against the appellant as required by the Civil Service Rules and by the jurisprudence of this state. She was not afforded the requisite notice. The letter merely makes conclusions and vague references to a “history of resistance to authority” and to a “history of abrasive relations with your co-workers.”
The requirement of a detailed state of the times, places, and nature of the resistance to authority or the abrasive relations with her co-workers is completely lacking in this dismissal letter. The hearing examiner referred to the letter as being overbroad and vague, which appears to this court to be an apt description.
As we stated in Robbins v. New Orleans Public Library, 208 So.2d 25, 29 (La.App. 4 Cir. 1968):
“(4) * * * To say merely that one is guilty of misconduct is not enough. The misconduct charged must be spelled out with allegations of sufficient facts and details so as to make identification positive.”
One of the concepts of due process involving the removal, demotion or reduction in pay of a civil service employee is that such employee be furnished a statement by the appointing authority giving detailed reasons for such action. The notice given in this case clearly fails to fulfill this requirement.
Accordingly, the judgment of the Jefferson Parish Personnel Board affirming the dismissal of appellant by the appointing authority is reversed. Further, it is ordered that appellant be reinstated as assistant librarian with full pay and with all benefits and rights from August 3, 1979.
REVERSED AND RENDERED.